IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANA CORNELISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CIV-05-370-C |
| ) | |
| LOWE'S HOME CENTERS, INC., ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Compel Independent Medical Examination. Plaintiff filed an Objection and this matter is now at issue.

Defendant seeks an Order from the Court compelling Plaintiff's attendance for an independent neuropsychological examination. Defendant argues the examination is necessary to secure expert testimony at trial on the issue of Plaintiff's damages claims. In her objection, Plaintiff asserts she has already been examined by a neuropsychologist, Dr. Cobbs, on the referral of her treating physician, and that those records have been provided to Defendant. Plaintiff argues that because Dr. Cobbs has not been retained by either party he is independent. Plaintiff also objects to the length of the scheduled examination, arguing her injuries will make it difficult for her to sit for that long. Finally, Plaintiff argues that as she now resides in Texas, appearing for an examination in Oklahoma City is overly burdensome.

Defendant's request is governed by Fed.R.Civ.P. 35(a) which states:

> When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Here, Plaintiff's Complaint alleges she suffered "severe and permanent brain damage" and that she seeks recovery for "mental pain and suffering." Clearly, Plaintiff has put her mental condition at issue. Defendant has also demonstrated good cause. Although Plaintiff has been examined by Dr. Cobb, he is a treating physician not an expert. See Fed.R.Civ.P. 26(a)(2)(B). See also Davoll v. Webb, 194 F.3d 1116, 1138 (10th Cir. 1999)("A treating physician is not considered an expert witness if he or she testifies about observations based on personal knowledge, including the treatment of the party." ). Thus, Dr. Cobb's testimony will come from a different perspective and serve a different purpose than that of a witness retained by a party. Plaintiff has failed to offer any challenge to the doctor proposed by Defendant and the Court is aware of no basis to alter Defendant's choice. See Holland v. U.S., 182 F.R.D. 493, 494 (D.S.C. 1998)("There is no requirement that a Rule 35 examination be conducted by a physician wholly unconnected with either party. The court should appoint a physician different from the one proposed by a defendant only when the plaintiff raises a valid objection."). As for Plaintiff's objections regarding the length of the examination, the Court is confident that Dr. Adams will take Plaintiff's physical condition

into consideration in determining the proper method for conducting the examination. Finally, Plaintiff's argument that appearing for an examination in Oklahoma City creates a hardship is without merit. Plaintiff filed her action in this venue and it will be tried in this venue. It is therefore appropriate that the examining physician be located in this venue. See <u>Stuart v. Burford</u>, 42 F.R.D. 591 (N.D. Okla. 1967)(requiring Defendant to choose a doctor in the district where the matter would be tried.)

For the reasons set forth herein, Defendant's Motion to Compel Independent Medical Examination (Dkt. No. 23) is GRANTED. Plaintiff shall appear for a neuropsychological examination by Dr. Russell L. Adams, Ph.D. on February 22 and 23, 2006.

IT IS SO ORDERED this 17th day of February, 2006.

ROBIN J. CAUTHRON
United States District Judge