IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DANA CORNELISON,                          )
                                          )
                    Plaintiff,            )
                                          )
vs.                                       )          Case Number CIV-05-370-C
                                          )
LOWE'S HOME CENTERS, INC.,                )
a North Carolina corporation,             )
                                          )
                    Defendant.            )

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's Motion to Strike Plaintiff's Memorandum and Defendant's Motion to Strike and/or Motion for Hearing on New Evidence.  Plaintiff filed a Response to Defendant's first Motion to Strike and the Court held an evidentiary hearing on July 18, 2006, to address the issues raised by that motion.  As requested by the Court at the hearing, Plaintiff has now filed a memorandum setting forth her arguments regarding the connection of her current medical condition with the injury allegedly suffered at Defendant's store.  It is in response to that memorandum that Defendant's filed the Motion to Strike Memorandum.  These matters are now at issue.

This matter was originally set for trial in May of 2006.  On April 14, 2006, Plaintiff filed a Motion for Continuance requesting the trial date be moved as her counsel was scheduled to appear before the Tenth Circuit on the trial date and because she believed additional time was needed to gather medical evidence about her injuries.  The Court granted the motion in part by moving the trial of the case to the heel of the docket thereby eliminating the conflict with the Circuit's oral argument calendar.  The Court denied the remainder of the

motion finding Plaintiff had failed to provide adequate evidence of a causal connection between the "new" medical treatment and the injury at Defendant's store.

On April 25, 2006, Plaintiff filed a Motion for Reconsideration again requesting a continuance of the trial date and at this time arguing that Plaintiff's mental condition had deteriorated and that she was now suffering from a psychological condition caused by the incident at Defendant's store. The Court granted the Motion and continued the trial until the August 2006, trial docket. In the Order granting the Motion, the Court made clear that Plaintiff had to establish a relationship between the recent medical care and the incident at Defendant's store.

Concerned about the discovery time limits imposed in the Court's Order granting Plaintiff's Motion for Reconsideration, Defendant then filed a Motion for Clarification arguing that it might need additional time for discovery to explore any new claims raised by Plaintiff. The Court denied Defendant's request noting there was a substantial question as to whether the Plaintiff could establish a causal link between the "new" medical issues and the incident at Defendant's store. The Court left open Defendant's right to renew its motion once the "new" medical information was provided.

On June 16, 2006, the deadline impose by the Court, Plaintiff file a Supplemental Witness and Exhibit List, purportedly identifying the witnesses necessary to present her case to the jury, including any evidence and witnesses developed since continuation of the May trial date. Defendant then filed the present Motion to Strike and/or Motion for Hearing on New Evidence arguing Plaintiff had failed to establish any link between the new medical

issues and the incident at Defendant's store.  The Court then conducted an evidentiary

hearing.  At that hearing, the Court agreed that the evidence in the record at that time failed

to establish the requisite causal link.  The Court directed Plaintiff to file, within one week,

evidence establishing a causal link.  Plaintiff timely filed her Memorandum and attached

medical records.  Defendant then filed its Motion to Strike Memorandum.

The Court has reviewed the medical records provided by Plaintiff and considered the

arguments raised in her Memorandum and finds Plaintiff has failed to provide evidence

sufficient to establish the link.  Plaintiff argues that Defendant's expert will testify that she

has conversion disorder.  However, that argument misstates the expert's report.  The expert

opines that Plaintiff's condition could be consistent with conversion disorder.  This statement

is a far cry from a diagnosis.  Likewise, the medical records from Glen Oaks to do not

provide a doctor's opinion that Plaintiff's psychological condition was caused by the incident

at Defendant's store.  Rather, the records note that Plaintiff reported a history of a head injury

at the store and Plaintiff related her mental condition had deteriorated since then.  Once

again, this evidence fails to provide the causal link required.  Finally, the remainder of

Plaintiff's Memorandum reurges certain arguments by Plaintiff's counsel regarding counsel's

belief about her client's medical condition.  As the Court made clear at the hearing, counsel's

opinion is insufficient.

In the absence of evidence establishing a link between Plaintiff's "new" medical

condition and the injury at Defendant's store, the Court finds the Plaintiff will not be

permitted to offer evidence or argument about the "new" injuries to the jury.  Rather, Plaintiff

3

must present her case as it existed in April of 2006 when the Motion for Reconsideration was granted.  Plaintiff's current Witness and Exhibit List will be stricken.  Plaintiff shall file a revised list consistent with the Court's rulings herein within 3 days of the date of this Order. The parties' Motions in Limine, and any rulings thereon, proposed Voir Dire and proposed Jury Instructions as filed in April will be used in the upcoming trial.  The parties shall file a proposed Pre-Trial Report not later than Thursday, August 3, 2006.

As set forth more fully herein, Defendant's Motion to Strike Plaintiff's Memorandum (Dkt. No. 85)  and Defendant's Motion to Strike and/or Motion for Hearing on New Evidence (Dkt. No. 71) are GRANTED to the extent they seek to prohibit Plaintiff from presenting "new" medical evidence.  The parties are directed to adhere to the deadlines set forth herein.

IT IS SO ORDERED this 28th day of July, 2006.


ROBIN J. CAUTHRON
United States District Judge

4